IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN ICKES, No. 15159-097, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-1087-GPM |
| ) | |
| MARLA PATTERSON, ) | |
| ROBIN BRYSON, ESTUS HOOD, ) | |
| LT. B. TOLSON, ) | |
| and UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at the United States Penitentiary at Marion ("Marion"), has brought this *pro se* civil rights action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff claims that certain Defendants put him in harm's way by disclosing his confidential communications, and then failed to protect him from attack by another inmate. Following the attack, he was unfairly disciplined for fighting.

More specifically, Plaintiff states that around October 1, 2010, he wrote a confidential letter to Defendant Patterson (the head of the Psychiatric Department), alerting her to what appeared to be an extortion attempt involving two other inmates (Doc. 1, p. 6). The contents of the letter, and the fact that Plaintiff wrote it, were disclosed to the inmates involved by Defendant Unknown Party Mailroom Employee. Plaintiff was then told by another inmate that for his own protection, he should move out of the housing unit he shared with the subjects of his letter. Plaintiff requested Defendants Hood and Bryson to immediately move him or place him in

protective custody. He explained the letter and threat to these Defendants, and gave them the names and cell numbers of the inmates involved.

Several days passed with no action, so Plaintiff repeated his request to be moved, this time to Defendant Patterson. Some days later, on October 18, 2010, Plaintiff was attacked and injured by one of the inmates identified in the letter. Plaintiff defended himself, but did not hit back. However, he was issued a disciplinary report for fighting by Defendant Tolson, who broke up the altercation. Plaintiff requested Defendant Patterson to be his staff representative in the hearing, thinking she would help his case because she knew of Plaintiff's request for protection from the inmate (Doc. 1, p. 8). However, Plaintiff was found guilty after a hearing on the charges. He was punished with the loss of 27 days good conduct time, 30 days in disciplinary segregation, and loss of other privileges (Doc. 1, p. 13). He asserts that Defendants Patterson, Bryson, Hood, and Tolson communicated with each other regarding his prior request for protection, in order to cover up any potential claim against them for failing to protect him (Doc. 1, p. 8).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Patterson, Bryson, Hood, and the Unknown Party Mailroom Employee for failure to protect him from the assault (Count 1). However, Plaintiff fails to state a claim for deprivation of a liberty interest for the punishment imposed on him after he was found guilty of the disciplinary charge (Count 2). That claim shall be dismissed for the reasons that follow. Defendant Tolson shall also be dismissed, as he had no involvement in the failure to protect Plaintiff from the attack.

Prison disciplinary hearings satisfy procedural due process requirements where an inmate

is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). In addition to the procedural protections in *Wolff*, the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).

Plaintiff has not claimed that he was denied any of the procedural protections in *Wolff*. Instead, he takes issue with the evidence relied upon to find him guilty. However, even if the guilty finding was improper, Plaintiff still may not have an actionable claim. Punishments such as a demotion in grade or restrictions on privileges such as commissary, telephone, and visitors, do not amount to a constitutional deprivation, even when they are imposed after a flawed hearing process. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997). Moreover, a term of disciplinary segregation may not rise to the level of a constitutional deprivation of a liberty interest, depending on the length of disciplinary confinement and the conditions of that confinement. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009).

When a plaintiff brings a civil rights action for procedural due process violations, he must show that he was deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or

her disciplinary confinement impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). For prisoners whose punishment includes being put in disciplinary segregation, under *Sandin*, "the key comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population." *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). The Seventh Circuit has recently elaborated two elements for determining whether disciplinary segregation conditions impose atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured by the prisoner during that period." *Marion*, 559 F.3d at 697-98 (emphasis in original).

The first prong of this two-part analysis focuses solely on the duration of disciplinary segregation. For relatively short periods of disciplinary segregation, inquiry into specific conditions of confinement is unnecessary. *See Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 days); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days) ("a relatively short period when one considers his 12 year prison sentence"). In these cases, the short duration of the disciplinary segregation forecloses any due process liberty interest regardless of the conditions. *See Marion*, 559 F.3d at 698 ("we have affirmed dismissal without requiring a factual inquiry into the conditions of confinement").

In the case at bar, Plaintiff was given only 30 days of disciplinary segregation – which, under the authority referenced in *Marion*, is not a long enough period of time to require factual inquiry into the conditions of segregation. Therefore, he has no cognizable claim for the segregation and other loss of privileges that resulted from being found guilty of fighting.

However, a loss of good time credit does implicate a liberty interest because such a loss

potentially affects the length of Plaintiff's sentence.  Under 18 U.S.C. § 4161, a federal prisoner has the right to have his sentence reduced for good conduct in prison.  This right is a protected liberty interest, and any deprivation must comport with due process requirements.  *Waletski v. Keohane*, 13 F.3d 1079, 1080-81 (7th Cir. 1994).  Without commenting on the ultimate merits, Plaintiff does present a cognizable due process claim regarding the 27 days of good conduct credit revoked in the disciplinary proceeding.  However, a civil rights claim for damages is not the proper avenue for redress.  A habeas action pursuant to 28 U.S.C. § 2241, in which Plaintiff may seek restoration of the good conduct credits, may be available to raise this due process claim.  *Id.*  Based upon Plaintiff's failure to state a § 1983 claim, the dismissal here is with prejudice.

**Pending Motion**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.  Plaintiff's motion for status (Doc. 9) is **GRANTED** as reflected in this Order.

**Disposition**

Defendant Tolson is **DISMISSED** from this action with prejudice.

**COUNT 2** is **DISMISSED with prejudice**.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **PATTERSON, BRYSON,** and **HOOD**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve Defendants **PATTERSON, BRYSON,** and **HOOD** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Service shall not be made on the Unknown (John Doe) Defendant until such time as Plaintiff has identified him or her by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** February 27, 2013

s/ **G. Patrick Murphy**
G. PATRICK MURPHY
United States District Judge
